**Captain Roger L. DE LONG**

**v.**

**Colonel W. E. DAVIS, Jr., et al.**

**Civ. A. No. 66–37.**

United States District Court
W. D. Texas,
San Antonio Division.

Dec. 28, 1966.

John W. Benbow, Frank J. Greene, San Antonio, Tex., for petitioner.

Ted Butler, Asst. U. S. Atty., San Antonio, Tex., Col. Frank O. House, USAF, Staff Judge Advocate, Randolph Air Force Base, Tex., for respondents.

SPEARS, Chief Judge.

This action was brought by petitioner, Captain Roger L. De Long, who sought release from the United States Air Force by writ of habeas corpus and writ of mandamus. Named as respondents were Colonel W. E. Davis, Jr., Commander, Randolph Air Force Base, Lt. General W. W. Momyer, Commander, Air Training Command, General J. P. McConnell, Chief of Staff, United States Air Force, and Harold Brown, Secretary of the Air Force.

Captain De Long contended that respondents were unlawfully retaining him on active duty by virtue of a three-year active duty service commitment imposed upon him because of his involuntary attendance at a 10-week pilot instructor training course. Captain De Long alleged that he was not a career reserve officer and therefore not subject to the regulations imposing the active duty service commitment, and he further alleged that the active duty service commitment was arbitrarily and capriciously imposed upon him.

Respondents contended that petitioner was a career reserve officer and was not retained unlawfully. Respondents further alleged that the involuntary active duty service commitment was not arbitrarily or capriciously imposed upon him but was in accordance with lawful directives promulgated by the Secretary of the Air Force pursuant to authority contained in Title 10, United States Code, Sec. 8012.

Petitioner, Roger L. De Long, originally entered the aviation cadet program on September 20, 1956. While he was undergoing flight training, the Air Force regulations were changed to require each cadet to accept a commission as a career reserve officer and serve a period of four years. Petitioner elected to take an honorable discharge rather than accept the commission under the new regulations.

In 1958, Petitioner wrote a letter to Headquarters, United States Air Force, Washington, D. C., asking for readmission to the aviation cadet program and received in reply a letter accepting him back into the program. Without signing a second application form, which by that time included an agreement to accept an appointment as a career reserve officer, he enlisted as an aviation cadet on October 2, 1958, and completed the required course of training on September 1, 1959, and was commissioned as a second lieutenant in the United States Air Force Reserve for an indefinite pe-

riod. At that time the Air Force regulations provided that students who successfully completed the prescribed basic flying course would be ordered into the active military service as career officers and that the career reserve status automatically became effective upon receipt of the commission. Petitioner is presumed to have known those provisions in the Air Force regulations. See Wilkes v. Dinsman, 7 How. 89, 48 U.S. 89, 126, 12 L.Ed. 618, 635.

On July 22, 1960, petitioner made application for an identification card, by signing Air Force Form 279 which contained a space entitled "Expiration date of enlistment or appointment", and in the space the word "Career" was shown. The form contained a certificate reciting that the information contained therein was correct. On August 12, 1964, petitioner reviewed his official Air Force Form 11, which contained an entry stating his status to be that of "Career". At no time during his commissioned service did petitioner attempt to secure release from active duty or question his status until he was assigned to the 10-week pilot instructor training course. The evidence showed that petitioner knew the Air Force considered him to be a career reserve officer but that he did not question it because he wanted to retain what he considered to be the benefits of career reserve status. It is apparent from the evidence that petitioner knew or should have known when he accepted his commission that he was agreeing to enter the Air Force as a career reserve officer.

On January 7, 1965, petitioner involuntarily began attending the 10-week pilot instructor training course and was graduated from the course on March 13, 1965. The course provided training for rated pilots on how to instruct undergraduate pilot training students how to fly the T–28 aircraft. Under Air Force regulations, pilots, regardless of background, experience or training must upon completion of the 10-week course serve an additional three years of active service. The basis for the additional active

duty service commitments for training is to assure reasonable return to the Air Force for money and time expended in the training process. The Court finds that that action of the Air Force in imposing the three year service commitment upon petitioner, as a result of his involuntary attendance at the pilot instruction training course, was not arbitrary, capricious, or unreasonable.

The Court finds petitioner has been a career reserve officer at all times since he was originally commissioned on September 1, 1959, and that petitioner is not being unlawfully detained and restrained of his liberty. Petitioner's application for a writ of habeas corpus and writ of mandamus is denied.